IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOSES SUMO APPRAM | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-15-2465 |
| | | (Related Crim. Case RDB-11-408) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending are Petitioner's Motions to Vacate (ECF 42) and for Relief of Restitution (ECF 45 and 47). Respondent has filed an Answer seeking dismissal of Petitioner's Motion to Vacate because it is both time-barred and asserts a claim which was waived by Petitioner in his plea agreement. ECF 50. Petitioner was granted 28 days to respond to the assertion his Motion to Vacate was time-barred, but has not filed anything further in this case. ECF 51. For the reasons stated below, Petitioner's pending motions shall be denied.

On November 2, 2012, Petitioner Moses Sumo Appram ("Appram") entered a guilty plea to charges of unauthorized use of access devices as defined by 18 U.S.C. §§1029(a)(5) and (2) and aggravated identity theft as defined by 18 U.S.C. §1028(A)(1). ECF 26. Appram pled guilty pursuant to a plea agreement and was sentenced to serve 90[1] months imprisonment followed by a one-year term of supervised release. *Id*. In addition, Appram was ordered to pay $116,709 in restitution. *Id*. The plea agreement Appram entered into with the government included a provision regarding restitution as follows:

> The Defendant agrees to the entry of a Restitution Order for the full amount of the loss, $116,709. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution in the full amount of the actual, total loss caused by the offense conduct set forth

---

[1] On February 3, 2015, Appram's sentence was reduced to 77 months imprisonment. ECF 50 at Ex. 2.

> in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

ECF 34 at ¶15.

In addition to payment of restitution, Appram's plea agreement included the following provision regarding an appeal and collateral review:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), excepts as follows: (i) the Defendant (a) reserves the right to appeal any term of imprisonment in his consolidated cases to the extent that it exceeds 90 months, and (ii) this Office reserves the right to appeal any term of imprisonment imposed to the extent that it is less than 90 months.

ECF 34 at ¶17(b).

Appram asserts in his Motion to Vacate and Motions for Relief from Restitution that he will never be able to pay the amount of restitution ordered given his criminal background which will make his ability to obtain a job after his release difficult. ECF 42, 45, and 47. He asserts the imposition of the restitution amount unfairly burdens him with an insurmountable debt and seeks an Order from this Court relieving him of his obligation to pay it. *Id*.

Appram's conviction became final on March 5, 2012, fourteen days following the date of his conviction, February 20, 2012.  *See* Fed. Rule App. Proc. 4(b)(1)(A) (criminal defendant's

notice of appeal must be filed within 14 days of the date of judgment). Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2004). To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed

3

as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Appram has offered no basis for his entitlement to equitable tolling, nor has he addressed Respondent's assertion that he waived his right to review of the order for restitution under the plea agreement. Appram does not claim in any of his motions that the plea agreement was involuntary. Because he waived his right to direct appeal, the claim regarding the propriety of the amount of restitution ordered is now procedurally defaulted and cannot be raised. *See United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (issues not raised at sentencing or on direct appeal are defaulted and generally cannot be raised in subsequent collateral proceedings). Thus, in addition to being time-barred, the claim asserted is not properly brought before this Court.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Appram fails to satisfy the standard for a Certificate of Appealability and it shall not issue.

A separate Order follows.

February 24, 2016                              _____/s/_____  
Date                                                         RICHARD D. BENNETT  
                                                         UNITED STATES DISTRICT JUDGE